IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SKIT INTERNATIONAL, LTD.                                                                                          PLAINTIFF

v.                                            No. 4:05CV01713 JLH

DAC TECHNOLOGIES OF ARKANSAS, INC.,
f/k/a DAC TECHNOLOGIES OF AMERICA, INC.,
and DAC TECHNOLOGIES GROUP INTERNATIONAL, INC.                               DEFENDANTS

## OPINION AND ORDER

This is a diversity action between Skit International, Ltd., and DAC Technologies of Arkansas, Inc. DAC and Skit were previously parties to a state court action in which the Pulaski County Circuit Court entered judgment in favor of DAC and against Skit in the amount of $1,524,420. Skit now asks this Court for a declaratory judgment voiding that judgment on the grounds of lack of personal jurisdiction. DAC alleges that res judicata bars the relief sought. The parties have filed cross-motions for summary judgment.

**Summary Judgment Standard**

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party carries its burden, the nonmoving party must "come forward with 'specific facts

showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting FED. R. CIV. P. 56(e)) (emphasis in original).  A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

## Undisputed Facts

On August 15, 2000, DAC filed suit against Skit and another company, Uni-Skit Technologies, Inc., in Pulaski County Circuit Court.  A jury found in favor of DAC on August 13, 2003, and judgment was entered against Skit and Uni-Skit in the amount of $1,524,420.  The judgment states that Skit and Uni-Skit "appeared [at trial] by and through their attorney Mark L. Ross of Ross & Ross, P.A."[1]

On January 6, 2005, Skit filed a motion to set aside the judgment.  The motion stated:

Defendant Skit International, Limited (hereinafter SIL), in a special appearance, moves to set aside the judgment against it for lack of service of summons, jurisdiction or venue and in support states:
    1. SIL has no presence in the United States and this court has no jurisdiction over SIL and never has. SIL has no office in the United States, is not registered to do business in any state in the United States and has no agent for service in the United States and never has.
    2. SIL was never served with summons in this case.  Mark Ross filed an answer and counterclaim for SIL and Uni-Skit Technologies, Inc. and judgment was rendered against both defendants . . . .  However, SIL never hired Mark Ross or authorized him to file an answer or counterclaim. See affidavit of Victor Lee attached to the effect that he appeared on behalf of Uni-Skit only, did not accept service for

---

[1] Prior to trial, Ross filed an answer on behalf of Skit in which he did not object to service or personal jurisdiction.

> SIL or instruct a lawyer to defend on its behalf. See affidavit of Yung Lee Ho attached of Hong Kong to the effect that he is the director of SIL, that SIL had no agent for service in the United States, that no officer of SIL was aware of this action until lately when a notice of talking deposition was passed to SIL from Uni-Skit Technologies, Inc., and that Uni-Skit did not have authority to accept service or to defend on behalf of SIL. Attached are internet printouts from the California and Arkansas Secretary of State that SIL is not registered in either state.
>
> WHEREFORE, SIL moves this judgment to be set aside for lack of service, jurisdiction or venue.

On March 22, 2005, the circuit court denied the motion. The order states:

> On the 1st of March, 2005, the motion of Skit International, Limited, to set aside the judgment against it came on for hearing, Skit International Limited appearing by its attorney, R. David Lewis, and plaintiffs appearing by their attorney Ken Shemin. After evidence was introduced and after argument of counsel, the Court finds no good reason to set aside the judgment and the motion to set aside the judgment is therefore denied.

Skit filed a notice of appeal on April 4, 2005, and tendered the record to the clerk of the Arkansas Supreme Court on June 28, 2005. On June 28, 2005, the clerk of the Arkansas Supreme Court called counsel for Skit and told him that the tender of the record would be declined because the motion to set aside judgment appeared to be untimely as the judgment was entered on November 10, 2003. Pursuant to Rule 2-2 of the Arkansas Supreme Court Rules, Skit filed a motion for rule on the clerk in the Arkansas Supreme Court on June 29, 2005, asking the supreme court for an order directing the clerk to accept tender of the record. The supreme court denied the motion on September 8, 2005.

Skit filed the present action on November 9, 2005. The complaint states:

> Defendant Skit International, Ltd., by and through its attorney, R. David Lewis, files this declaratory judgment to collaterally attack a judgment for lack of service of summons and alleges as follows:
>
> * * *
>
> 3. Defendants obtained a judgment in Pulaski County Circuit Court . . . on August 13, 2003 against plaintiff and Uni-Skit Technologies, Inc. without ever serving plaintiff with a summons or complaint. Plaintiff was not at the trial and didn't know there was a lawsuit against it until late in 2004. Defendants DAC had served Victor

>Lee with two summonses, one for Uni-Skit and one for Skit International but Lee was only the agent for service for Uni-Skit Technologies, Inc. and not the agent for Skit International, LTD. Uni-Skit had set a debt to a collection agency for collection from the DAC corporations and that agency sent both summonses to a collection attorney in Little Rock who filed an answer for both corporations, went to trial without ever talking to anyone from plaintiff and lost.
>
>4. Without service of summons Pulaski County Circuit Court had no jurisdiction over the person of plaintiff and judgment is therefore void. That court didn't have jurisdiction over the plaintiff for the further reason that plaintiff had no assets or office in the United States and had no contacts with Arkansas sufficient to give a court in Arkansas jurisdiction over it.

As noted, Skit and DAC have filed cross-motions for summary judgment. Skit argues that judgment is void for lack of personal jurisdiction. DAC argues that res judicata bars this action.

## Discussion

It is well settled in Arkansas that service of valid process is necessary to bestow on a court personal jurisdiction over a defendant. *Raymond v. Raymond*, 343 Ark. 480, 484, 36 S.W.3d 733, 735 (2001). Generally, "a judgment entered without jurisdiction of the person . . . is void." *Id*. at 485, 36 S.W.3d at 735.

However, in *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 51 S. Ct. 517, 75 L. Ed. 1244 (1931), the Supreme Court held that a court has binding power to determine its own jurisdiction over a defendant's person and that, once made, a determination on this issue must be afforded preclusive effect. *See also Durfee v. Duke*, 375 U.S. 106, 111-12, 84 S. Ct. 242, 245, 11 L. Ed. 2d 186 (1963); 18A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4430 (2d. ed. 2002). In *Baldwin*, the defendant had made special appearances in a prior action solely for the purpose of contesting personal jurisdiction. *Baldwin*, 283 U.S. at 523, 51 S. Ct. at 517. The trial court denied the motions to dismiss, the

defendant failed to plead, and default judgment was entered. *Id.* at 523-24, 51 S. Ct. at 517.  In a subsequent action on the judgment, the Supreme Court held that res judicata barred the defense of improper personal jurisdiction, stating:

> Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause.

*Id.* at 525-26, 51 S. Ct. at 518.  The Court noted:

> [T]he respondent entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. It had the election not to appear at all. If, in the absence of appearance, the court had proceeded to judgment, and the present suit had been brought thereon, respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction. It had also the right to appeal from the decision of the [trial court] . . . . It elected to follow neither of those courses, but, after having been defeated upon full hearing in its contention as to jurisdiction, it took no further steps, and the judgment in question resulted.

*Id.* at 525, 51 S. Ct. at 518 (internal citations omitted).

Applying these principles to the present facts, the relief Skit seeks in this action is likewise barred.  Skit asserts here the same objections to jurisdiction that were asserted in the motion to set aside judgment filed in the Circuit Court of Pulaski County.  Even assuming that Ross's appearance on behalf of Skit during litigation of the suit prior to judgment was unauthorized and thus not a waiver of Skit's objections, *cf. Pender v. McKee*, 266 Ark. 18, 35-36, 582 S.W.2d 929, 937-38 (1979), Skit voluntarily appeared before the circuit court after judgment, presented these issues to the circuit court, and was fully heard by that court.  Accordingly, this Court is bound by the circuit court's determination of personal jurisdiction.  *Baldwin*, 283 U.S. at 525-26, 51 S. Ct. at 518.  It

makes no difference that appearance and litigation of the issue occurred after judgment.  *See* 18A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 4430 ("[U]nsuccessful submission of the question by motion to vacate a default judgment should have the same preclusion effects as submission before judgment.").  Nor, in the Court's opinion, does it make any difference that the Arkansas Supreme Court refused to hear an appeal of the circuit court's ruling.  *Serpell-Winner-Jordan, Inc., v. Crete Mills*, 51 F.2d 1028, 1029 (8th Cir. 1931) (preclusive effect remains until determination is set aside or reversed).

Because lack of jurisdiction is the sole ground on which relief is sought in this case, and because that issue was decided by the Circuit Court of Pulaski County, DAC is entitled to judgment as a matter of law.  DAC's motion for summary judgment is hereby GRANTED.  Document #17.  Skit's motion for summary judgment is DENIED.  Document #11.

IT IS SO ORDERED this 6th day of June, 2006.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE