IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SKIT INTERNATIONAL, LTD.                                                                        PLAINTIFF

v.                                           No. 4:05CV01713 JLH

DAC TECHNOLOGIES OF ARKANSAS, INC.
f/k/a DAC TECHNOLOGIES OF AMERICA, INC.,
and DAC TECHNOLOGIES GROUP INTERNATIONAL, INC.                           DEFENDANTS

**OPINION AND ORDER**

The Court previously granted summary judgment in favor of the defendants pursuant to an Opinion and Order entered on June 6, 2006. Skit International, Ltd., filed a motion for reconsideration. Document #28. The Court then asked for supplemental briefing on the issue of whether the *Rooker-Feldman* doctrine precludes subject matter jurisdiction in this case.[1] After reviewing the supplemental briefs, the Court has come to the conclusion that this case falls squarely within the *Rooker-Feldman* doctrine.

The Eighth Circuit has explained:

The *Rooker-Feldman* doctrine states that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311, 75 L. Ed. 2d 206 (1983). The only court with jurisdiction to review decisions of state courts is the United States Supreme Court. *Feldman*, 460 U.S. at 486, 103 S. Ct. at 1316. A federal district court has jurisdiction over general constitutional challenges if these claims are not inextricably intertwined with the claims asserted in state court. *Keene Corp.*, 908 F.2d at 296. A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. *Id.* at 296-97. In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would

---

[1] The *Rooker-Feldman* doctrine is so named after two cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

>   effectively reverse the state court decision or void its ruling. *Landers Seed Co. v. Champaign Nat'l Bank,* 15 F.3d 729, 732 (7th Cir.), *cert. denied,* 513 U.S. 811, 115 S. Ct. 62, 130 L. Ed. 2d 20 (1994). Accordingly, to determine whether *Rooker-Feldman* bars Charchenko's federal suit requires determining exactly what the state court held and whether the relief requested by Charchenko in his federal action requires determining the state court's decision is wrong or would void its ruling. If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit.

*Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) (footnote omitted). The *Rooker-Feldman* doctrine is broader than claim and issue preclusion because it does not depend upon a final judgment on the merits. *Id.* at 983 n.1.

The claim that Skit advances here was first presented to the Pulaski County Circuit Court in a motion to set aside the judgment entered against it earlier. Skit filed a one-page brief in support of the motion in which it asserted that the judgment was void because Skit was never served with process and because Skit lacks minimum contacts with the State of Arkansas. After a hearing, the Pulaski County Circuit Court denied the motion to set aside the judgment.

Here, Skit's complaint requests that this Court issue a declaratory judgment stating that the judgment entered in the Pulaski County Circuit Court is void because Skit was never served with process and because Skit lacks minimum contacts with the State of Arkansas. In effect, Skit is asking this Court to reverse a state-court decision or to void its ruling overruling these arguments. The relief that Skit seeks would require this Court to determine that the Pulaski County Circuit Court was wrong when it refused to set aside the judgment. Indeed, in the pending motion for reconsideration, Skit asserts as a basis for reconsideration that the state court "apparently based its ruling on the defendants' assertion that Victor Lee's brother-in-law owned Skit which we know not

to be true." The relief sought here is precisely what an appellant seeks: a declaration that the ruling below was erroneous.

Skit attempts to avoid this conclusion by noting that it tried to appeal the ruling of the Pulaski County Circuit Court but the Supreme Court of Arkansas refused to hear the appeal. Skit argues that the supreme court's refusal to hear the appeal from the motion to set aside the judgment means that the *Rooker-Feldman* doctrine does not apply. In support of that argument, Skit cites *Simes v. Huckabee*, 354 F.3d 823 (8th Cir. 2004). There, before the action was filed in federal court, the Phillips County Circuit Court had held five members of the Phillips County Quorum Court in contempt for failing to order a sales-tax election as required by Arkansas law and as ordered by the circuit court, and the quorum court members had appealed to the Supreme Court of Arkansas. In their appeal, they had raised issues under both state and federal law. However, the Supreme Court of Arkansas ruled only on the state law issues, ignoring the federal claims. *Id*. at 826. Then, the quorum court members filed the action in federal district court "alleging a host of federal statutory and constitutional violations." *Id*. The district court dismissed the action based on the *Rooker-Feldman* doctrine. On appeal to the Eighth Circuit, the issue was "whether *Rooker-Feldman* prevents a district court from obtaining jurisdiction over federal claims where a state court declined to address the same claims in state proceedings." *Id*. at 828. The Eighth Circuit held that the *Rooker-Feldman* doctrine did not bar a claim by the five quorum court members in federal court and explained:

> [F]ederal plaintiffs cannot be said to have had a reasonable opportunity to raise their federal claims in state court where the state court declines to address those claims and rests its holding solely on state law. We have noted the *Rooker-Feldman* doctrine is founded upon principles of federalism. However, the district court's holding in this case extends such doctrine far beyond the deference to our state colleagues which

3

> federalism counsels. Were the district court's reasoning to stand, defendants in state court would be placed in the following quandary: if they do not raise their federal claims in the state proceedings, they run the real risk of not being able to bring them subsequently in federal court. *Feldman*, 460 U.S. at 482 n.16, 103 S. Ct. 1303 ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court."). But if they do raise federal claims in their state court defense, and the state court declines to address them, then according to the district court in this case they are also barred from bringing those claims in federal court. No principle of federalism suggests or requires such a result.

*Simes*, 354 F.3d at 829. *Simes* did not hold that a federal district court may serve as a surrogate appellate court if the state appellate court has refused to entertain the plaintiff's appeal, which in substance is Skit's argument. Rather, *Simes* held that "the *Rooker-Feldman* doctrine does not bar federal claims brought in federal court when a state court previously presented with the same claims declined to reach their merits." *Id*. at 830. Here, the arguments that Skit seeks to present were presented to the Pulaski County Circuit Court, and that court rejected them, whereas in *Simes* the plaintiffs sought to present federal claims that were presented to a state court but were never adjudicated on the merits by that or any other state court.

In *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1148 (10th Cir. 2004), the court stated:

> Mr. Crutchfield appeals the district court's ruling that notice in the state court foreclosure action was proper. *Rooker-Feldman* bars our subject matter jurisdiction to entertain this argument. The District Court for Oklahoma County held that Mr. Crutchfield was personally served with a summons in the manner required by law and that the court "approves the service as meeting the statutory requirements." In response to the defendants' first motion for summary judgment in federal court, Mr. Crutchfield contended that the state court's holding was contrary to Oklahoma's notice statute. This was, in substance, a request that the federal district court overturn the judgment of the state court, which the federal court may not do. When a state court actually decides an issue, *Rooker-Feldman* prevents federal courts from hearing an appeal of that claim.

*Id*. at 1148 (citation omitted). This case is substantially similar to *Crutchfield*. *See also In re Knapper*, 407 F.3d 573 (3d Cir. 2005); *Girard L. McEntee Ins. Agency, Inc. v. Valley Nat'l Bank*, No. 105-1952, 2006 WL 1097839 (N.D. Ga. Apr. 21, 2006).

> The Supreme Court recently explained the *Rooker-Feldman* doctrine as follows:
>
> The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005). This case falls squarely within the *Rooker-Feldman* doctrine as explained by the Supreme Court. A judgment was entered against Skit by the Pulaski County Circuit Court. Skit moved to set the judgment aside because it was not served with process and because it did not have minimum contacts with the State of Arkansas. The Pulaski County Circuit Court denied Skit's motion. Thereafter, Skit commenced this action and asked this Court to hold that the judgment entered by the Pulaski County Circuit Court is void and should be set aside because Skit was not served with process and because Skit lack minimum contacts with the State of Arkansas. In substance, Skit is asking this Court to review the decision of the Pulaski County Circuit Court denying the motion to set aside the judgment. The present action is the functional equivalent of an appeal from the Pulaski County Circuit Court's order denying the motion to set aside the judgment. *Am. Reliable Ins. v. Stillwell*, 336 F.3d 311, 316-17 (4th Cir. 2003). This Court does not have appellate jurisdiction. *In re Goetzman*, 91 F.3d 1173, 1177 (8th Cir. 1996). That the Supreme Court of Arkansas declined to accept Skit's appeal from the Pulaski County Circuit Court does not vest this Court with appellate jurisdiction. That Skit argues for an exception to the *Rooker-Feldman* doctrine

for cases decided by a state trial court but deemed unappealable by the state appellate court simply confirms that Skit is asking this Court to serve as a surrogate appellate court to review the decision of the Pulaski County Circuit Court.

This Court has no appellate jurisdiction over the Arkansas courts and cannot review their decisions except to the limited extent it is authorized to do so in cases in which prisoners seek writs of habeas corpus.  *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005).  This Court lacks subject matter jurisdiction to review the decision of the Pulaski County Circuit Court denying Skit's motion to set aside the judgment.  Therefore, Skit's motion for reconsideration is DENIED.  Document #28.

IT IS SO ORDERED this 1st day of September, 2006.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE